UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Patrick, ) | |
| ) | C/A No: 5:16-cv-00321-BHH-KDW |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden Cartledge, Major Early, ) | |
| Captain Thoth, and Captain Golden, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding pro se and *in forma pauperis*, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter comes before the court on Plaintiff's Motion for a Preliminary Injunction. ECF No. 4. On May 2, 2016, the same day Defendants filed an answer to Plaintiff's Complaint, Defendants responded to Plaintiff's Motion. *See* ECF Nos. 25, 26. Plaintiff did not file a Reply to Defendants' May 2, 2016 Response. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review pretrial matters in cases involving pro se litigants.

In his Motion, ECF No. 4, Plaintiff maintains that Defendants should be enjoined "from withholding out-door exercise from lock-up inmates who are placed in (S.O.) or (P.H.D.) which is violating Plaintiff and Prison Eighth Amendment right by denying prisoner's the opportunity for outdoor exercise, because the Eighth Amendment protect against conditions that pose an unreasonable risk of future harm, as well as those that are currently causing harm." Further, Plaintiff argues that "curtailment, or total eliminations, of out-of-cell exercise for long periods without any emergency circumstances is unconstitutional because lengthy denial of outdoor exercise is sufficiently serious to satisfy the objective component of an Eighth Amendment claim." *Id.* Additionally, Plaintiff maintains that exercise is a necessary requirement for physical

and mental well being. *Id.* at 2. In Response, Defendants maintain that Plaintiff's Motion should be denied because he has failed to satisfy the four requirements for a preliminary injunction as set forth in *Smith v. Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006). ECF No. 26.

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008); *see also Smith v. Ozmint*, 444 F. Supp. 2d at 504. A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

An analysis of the *Winter* factors reveals that Plaintiff's motion should be denied. First, Plaintiff has not made a clear showing that he is likely to succeed on the merits of his Complaint. Second, in his Complaint, Plaintiff does not allege facts with enough specificity to determine whether Plaintiff is being completely deprived of exercise. Further, facts do not indicate that Plaintiff's health is in imminent danger, and Plaintiff has not offered any evidence to support his claims. Finally, Plaintiff has not shown that a preliminary injunction is in the public interest. Accordingly, it is recommended that Plaintiff's Motion, ECF No. 4, be denied.

IT IS SO RECOMMENDED.

*Kaymani D. West*

May 20, 2016
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

3