IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Patrick, ) | Civil Action No.: 5:16-321-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Warden Cartledge, Major Earley, ) | |
| Captain Thoth, and Captain Golden, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |

Plaintiff Tyrone Patrick ("Plaintiff") is an inmate at Perry Correctional Institution ("PCI") in Pelzer, South Carolina. On February 1, 2016, Plaintiff, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional right to outdoor exercise. (ECF No. 1.) Plaintiff also filed a Motion for a Preliminary Injunction and Temporary Restraining Order on the same day. (ECF No. 4.) After some delay due to the case needing to be brought into proper form and service of process needing to be achieved, Defendants timely responded to Plaintiff's Motion on May 2, 2016. (ECF No. 26.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On May 20, 2016, Magistrate Judge West issued a Report and Recommendation ("Report") recommending that the Court deny Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order. (ECF No. 35.) The Magistrate Judge concluded that Plaintiff had not made an adequate showing to satisfy the four *Winter*[1] factors needed to

---

[1] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). *See also Smith v. Ozmint*, 444 F. Supp. 2d 502, 504 (D.S.C. 2006).

justify the grant of the extraordinary remedy he requests. *See MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001). After the Magistrate Judge filed her Report, Plaintiff filed an untimely Reply on May 26, 2016, largely rehashing his prior assertions regarding an alleged deprivation of outdoor exercise and stating in conclusory fashion that he had satisfied the elements necessary for a preliminary injunction. (ECF No. 39.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). In the absence of a specific objection, the Court reviews the Magistrate's conclusions only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

On May 31, 2016, Plaintiff filed Objections to the Report and Recommendation (ECF No. 40), to which Defendants replied on June 1, 2016 (ECF No. 42). Plaintiff's objections are general and non-specific and do not direct the Court to any error in the Magistrate

Judge's analysis. Nevertheless, out of an abundance of caution, the Court has conducted a *de novo* review of the objections, the Report, and the record. Having done so, the Court finds that Plaintiff's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Plaintiff's objections are therefore overruled, and the Court adopts the Report in its entirety.

After a careful review of the record, the applicable law, and the Report, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the recommended disposition in the Report is approved and incorporated herein by reference. Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (ECF No. 4) is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
Bruce Howe Hendricks
United States District Judge

August 24, 2016
Greenville, South Carolina