UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tyrone Patrick, | ) | C/A No. 5:16-cv-00321-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Report and Recommendation |
| Warden Cartledge; | ) | |
| Major Earley; | ) | |
| Captain Thoth, and | ) | |
| Captain Golden, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Tyrone Patrick ("Plaintiff"), proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. This matter is before the court on Defendants' Motion for Summary Judgment filed on May 4, 2016. ECF No. 29. Because Plaintiff is proceeding pro se, the court entered a *Roseboro*[1] order on May 4, 2016, advising Plaintiff of the importance of such motions and of the need for him to file adequate responses. ECF No. 31. Plaintiff responded to the Motion for Summary Judgment on June 1, 2016, ECF No. 46, and Defendants filed a Reply on June 9, 2016, ECF No. 53. This case was referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) and (e), D.S.C. Because this motion is dispositive, a Report and Recommendation ("Report") is entered for the court's review.

I.    Factual and Procedural Background

_____

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants).

Plaintiff was an inmate at Perry Correctional Institution ("Perry") during the time period relevant to his Complaint. ECF No. 1. In his Complaint, Plaintiff maintains causes of action against Defendants for alleged absence of outdoor recreation in the Restrictive Housing Unit ("RHU") at Perry since November 17, 2015 and for alleged excessive force in connection with a January 11, 2016 incident. *Id.* at 3-4. Plaintiff states that he is bringing causes of action for violations of his Eighth Amendment rights. *Id.* at 2.[2] Plaintiff seeks: an injunction against Defendants to "stop the on-going conduct of prison officials subjecting inmates to cruel and unusual punishment by not giving lock-up inmates out-door exercise," $20,000 in compensatory damages from each Defendant and $200,000 from the South Carolina Department of Corrections ("SCDC"), costs, and any additional relief this court deems just, proper, and equitable. *Id.* at 5.

II.    Standard of Review

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

---

[2] This Report is limited to the issue of whether Plaintiff exhausted his administrative remedies under prior Order of this court. ECF No. 50.

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a Complaint filed by a pro se litigant to allow the development of a potentially meritorious case*, see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

III.    Analysis: Failure to Exhaust Administrative Remedies

A.    The Parties' Contentions

Defendants contend that Plaintiff's Complaint should be dismissed because Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). ECF No. 29-1 at 2-5. Specifically, Defendants state that Plaintiff filed a grievance on December 29, 2015 related to alleged lack of outdoor exercise since he became housed in the RHU on November 17, 2015 as a sanction for a disciplinary violation. Grievance No. PCI-1238-15. Defendants state that the grievance form was not processed and was returned to Plaintiff on December 31, 2015 because he violated SCDC policy by attaching two additional pages of legal argument to the grievance.[3] *Id.* at 4. According to Defendants, Plaintiff was granted five days to re-submit the grievance in compliance with prison policy, but he did not do so. *Id.*

---

[3] The unprocessed grievance form also contains a notation that Plaintiff "failed to attach the required answered Request to Staff showing your attempt at an informal resolution." ECF

In his Response to Defendants' Motion, Plaintiff states that he did re-submit his grievance, but asserts that he did not receive a response to it. ECF No. 46 at 20.[4] Plaintiff contends that because he did not receive a response to his grievance, he was entitled to proceed with this civil action. *Id*. at 21-24. Plaintiff asserts that his December 29th grievance form was not processed for "trivial" reasons and that the SCDC grievance rules are "excessively technical." He asserts that, therefore, his failure to complete the SCDC grievance process should not preclude this court's consideration of the merits of his claims. *Id*. at 25-26.

In their Reply, Defendants argue that Plaintiff's claim that he filed another grievance after Grievance No. PCI-1238-15 was returned to him unprocessed lacks evidentiary support where SCDC records do not contain another such grievance. Defendants also factually distinguish case law cited by Plaintiff in support of his arguments that lack of administrative response excuses the exhaustion requirement and that administrators cannot reject grievances for trivial errors and then say the prisoner did not exhaust. Defendants stress that Plaintiff did receive a response to his grievance and contend that SCDC's grievance rules are not trivial, but are necessary for the operation of the system. ECF No. 53 at 1-5.

B.     Applicable Law

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they

---

No. 29-3 at 7. Defendants do not discuss that notation and focus only on the notation about excessive writing.

[4] Plaintiff refers to his Exhibit 3, which is a "Request to Staff Member" form dated January 20, 2016. ECF No. 46-1 at 4. Plaintiff does not state that he ever filed a replacement Step 1 grievance form for the December 29, 2015 form that was returned to him unprocessed.

4

involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of all available administrative remedies. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter,* 534 U.S. at 524 (quoting *Booth*, 532 U.S. at 739).

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court[.]" *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement. Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original)). Thus, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (inmate must attempt to cure problems with rejected grievance; compliance with procedures must be "exact and complete"); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) ("'to exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim,' including the prison's

5

rules for filing an appeal") (citation omitted). The Fourth Circuit has instructed that "in order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure." *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). At least one district court opinion within the Fourth Circuit suggests that a plaintiff arguing unavailability of the prison grievance process must show that the prison officials took some affirmative action to prevent the plaintiff from filing a grievance. *See Graham v. Cnty. of Gloucester*, 668 F. Supp. 2d 734, 739 (E.D. Va. 2009), *aff'd sub nom. Graham v. Gentry*, 413 F. App'x 660 ("[T]he court cannot conclude based upon the undisputed facts that Plaintiff was affirmatively prevented from utilizing the system or that he was wholly without any responsibility for his failure to grieve.").

C.     Discussion

Defendants attached the affidavit of SCDC Grievance Administrator Michael Tindal as an Exhibit to their Motion. ECF No. 29-2. Mr. Tindal states under oath that the SCDC inmate grievance system requires a prisoner to begin the process by filing a "Step One Grievance," which is then investigated by an Inmate Grievance Coordinator and then a decision is rendered by the Warden of the prisoner's correctional institution. Mr. Tindal also states that if the prisoner is not satisfied or "disagrees with the Warden's decision" on Step One, then the prisoner "can file a Step Two Grievance with SCDC." *Id.* at 2. Finally, if the prisoner does not agree with the administrative response to the Step Two Grievance, for certain types of issues there is an appeal to the South Carolina Administrative Law Court.[5] According to Mr. Tindal, all inmates are

---

[5] The Administrative Law Court's ("ALC") jurisdiction over inmate appeals is limited by the legislature. *Howard v. S. C. Dep't of Corr.*, 733 S.E. 2d 618, 626, 629-30 (S.C. 2012) (the ALC may summarily reject for lack of jurisdiction a prisoner's appeal where it involves only a decision affecting the ability to earn sentence-related credits). Numerous cases from this court

informed that all of their information must be placed on the Step 1 form, Form 10-5, and that

from his  review of SCDC records, during the relevant time period (November-December 2015),

Plaintiff filed three grievances including Grievance No. PCI-1238-15. According to Mr. Tindal,

one of the other grievances, which involved an issue other than denial of outside recreation, was

also returned to Plaintiff unprocessed and Plaintiff followed the Warden's directions and re-filed

that grievance. Mr. Tindal states that Plaintiff never re-filed Grievance No. PCI-1238-15 and did

not submit any additional grievances since the time that it was returned unprocessed. *Id*. at 3.

As support for his statement that he "did another grievance" but received no response

from it, Plaintiff references his Exhibit 3. ECF No. 46 at 20. The form that is attached as Exhibit

3 is captioned "Request to Staff Member" and indicates that it is "SCDC Form 19-11." It is dated

January 20, 2016 and contains assertions directed to "Captain Duffy" about lack of outdoor

exercise. ECF No. 46-1 at 4. The other Exhibits to Plaintiff's Response are a Request to Staff

Member form dated January 20, 2016 and directed to "medical" in which Plaintiff asks for

medication for several conditions that he related to lack of outdoor exercise; *id*. at 2, another

Request to Staff Member form dated February 2, 2016 and addressed to "nurse sick-call" in

which he claims "extreme depression" related to lack of outside exercise, *id*. at 3, and a copy of

Grievance No. PCI-1238-15, *id*. at 5-8. There are responses from SCDC personnel on each of the

Request to Staff Member forms.

Based on the undersigned's review of the evidence before the court, Plaintiff did not

exhaust his administrative remedies. Rather, the evidence before the court demonstrates that

Plaintiff did not follow the Warden's direction to re-file a corrected Step One grievance within

have held that exhaustion of administrative remedies by prisoners asserting claims such as
Plaintiff's here regarding their conditions of confinement does not require an ALC appeal. *E.g.,
Tate v. Mauney*, No. 9:15-cv-1858-TLW-BM, 2015 WL 9684734, at *4 (Sept. 21, 2015)
(collecting cases), *report and recommendation adopted*, 2016 WL 110077 (D.S.C. Jan. 8, 2016).

five days of December 31, 2015. Review of the unprocessed Step One grievance form (SCDC

10-5) shows that Plaintiff was clearly told that his grievance was not processed because he

attached two additional pages of legal argument to the form which was called "excessive

writing." The response on the unprocessed Step One grievance form informed Plaintiff that his

attachment of the two additional pages made the form violate the SCDC policy that states "No

additional pages will be permitted. All information must be placed on SCDC Form 10-5." ECF

No. 46-1 at 8; *see* SCDC, Inmate Grievance System GA-01.12 § 13.2 (issued May 12, 2014).

The institutional response also contained a date stamp showing that the re-filing of the Step One

grievance was "Due Jan. 10." ECF No. 46-1 at 8. However, there is nothing in this record to

show that Plaintiff made any attempt to meet that deadline. Plaintiff has provided no evidence

showing that he ever re-filed a Step One grievance on the required Form 10-5 as he was directed

to do. Plaintiff's exhibits show only that he submitted completely different forms (Request to

Staff Member) to other SCDC employees on January 20, 2016 -- some fifteen days after his

deadline for resubmitting the Step One grievance passed.[6] Without timely re-submitting a

correctly composed Step One grievance form, Plaintiff never properly instituted the SCDC

grievance system at all and certainly never allowed the system to work through a Step Two

conclusion before filing this case on January 28, 2016. ECF No. 1-3; *See Houston v. Lack*, 487

U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to

prison authorities for forwarding to district court).

Furthermore, Plaintiff's unsupported statements about having filed a "grievance" and

receiving no response are belied by the documents that he attaches to his Response and by the

affidavit of Michael Tindal. *See* Fed. R. Civ. P. 56(e) (mere allegations without specific facts

---

[6] The Request to Staff Member form addressed to "Mrs. Harris" is dated even later on
February 2, 2016, which was after Plaintiff filed this case. ECF No. 46-1 at 3.

showing that there is a genuine issue for trial are insufficient to defeat Defendant's summary judgment motion); *Ross v. Commc'ns Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989) (holding conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion). None of the three forms that Plaintiff attaches to his Response is a Form 10-5. That form is clearly captioned "South Carolina Department of Corrections Inmate Grievance Form Step 1," ECF No. 46-1 at 5, whereas the forms that Plaintiff attaches in an effort to support his claim that he filed a grievance but got no response are captioned "South Carolina Department of Corrections Request to Staff Member" and have a different form number (19-11).[7] Additionally, those forms were all submitted to SCDC personnel significantly past the January 10, 2016 deadline that Plaintiff was given to re-file the unprocessed Step One grievance (No. PCI-1238-15).

Also, to the extent that Plaintiff seeks to excuse his lack of exhaustion based on the claim that he got no response to his grievance and by citing cases involving complete lack of response to a properly filed grievance, his contentions are rejected. First, the forms that he attaches to his Response clearly show that he did receive responses to his requests. Second, those forms are not "grievances" and, therefore, case law addressing lack of response to properly filed grievances are inapplicable because the record shows that Plaintiff never properly filed a grievance relating to his claim of lack of outdoor exercise.

Finally, the undersigned rejects Plaintiff's contention that his failure to complete the SCDC grievance process before filing this lawsuit should be excused because the rejection of his Step One grievance was based on "trivial" error in its preparation or an "excessively technical" requirement in the grievance process. ECF No. 46 at 25. As noted by Defendants, it is important

---

[7] The Request to Staff Member form is for use in attempts to informally resolve problems before filing a Step One grievance. SCDC, Inmate Grievance System GA-01.12 § 13.2. It is completely different from the Step One grievance form.

for a prison's grievance system to operate efficiently and excessive writing by the prisoners can obviously slow the process down. ECF No. 53 at 4-5. Additionally, a requirement that a grievance be submitted in a certain format including use of the proper form and writing only on the form is not excessively technical. Rather, such rules are necessary and proper to govern an effectively operating grievance policy.

Here, Plaintiff was clearly told what he did wrong when he submitted the Step One grievance and how and when to correct it, but he ignored those directions. It would not have been difficult for him to remove the two extra pages of legal argument and then re-submit the grievance form as he was directed so that the process could proceed to conclusion as designed. Then, if he completed the grievance process, he could have filed this case. However, the record shows that Plaintiff made little or no attempt to follow the rules of the SCDC inmate grievance system as required under applicable law and did not ever submit another Step One grievance before filing this case. As a result of his failure to fully exhaust his available administrative remedies, this case should be dismissed. *See Pozo,* 286 F.3d at 1024 (holding that an inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983."); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 34-35 (1st Cir. 2002) (dismissal required for lack of exhaustion even though exhaustion process continued after suit filed); *see also Blevins v. Loranth*, No. 09-788-TLW-BM, 2010 WL 670099, at *3 (D.S.C. Feb. 22, 2010), ("Plaintiff needed to file and exhaust his administrative claim [] at FCI Williamsburg prior to proceeding with this lawsuit."); *Kirk v. Kirkland*, No. 0:06-1036 MBS-BM, 2006 WL 3759801 at *2 (D.S.C. Dec. 18, 2006) (finding that "before Plaintiff may proceed with his claim in this Court, he must first have exhausted any administrative remedies that were available at the Detention Center.").

IV.    Conclusion and Recommendation

Based on the foregoing, it is recommended that Defendants' Motion for Summary Judgment, ECF No. 29, be GRANTED and this case be dismissed.

IT IS SO RECOMMENDED.

October 4, 2016                                      Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).