IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Patrick, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Warden Cartledge; ) <br> Major Earley; ) <br> Captain Thoth; and ) <br> Captain Golden, ) <br> ) <br>     Defendants. ) <br> _____) | Civil Action No. 5:16-321-BHH <br><br> **ORDER** |

      This matter is before the Court upon Plaintiff Tyrone Patrick's pro se complaint filed pursuant to 42 U.S.C. § 1983.  In his complaint, Plaintiff raises various claims against Defendants for the alleged denial of outdoor recreation in the Restrictive Housing Unit at Perry Correctional Institution and for alleged excessive force in connection with a January 2016 incident.  On May 4, 2016, Defendants filed a motion for summary judgment.  Plaintiff responded to the motion on June 1, 2016, and Defendants filed a reply on June 9, 2016.

      In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.  On October 4, 2016, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report") outlining Plaintiff's claims and recommending that the Court grant Defendant's motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit.  Attached to the Report was a notice advising Plaintiff of his right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed.

      The Magistrate Judge makes only a recommendation to the Court.  The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that Defendants are entitled to summary judgment and that this case should be dismissed based on Plaintiff's failure to exhaust his administrative remedies.

Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 61); grants Defendants' motion for summary judgment (ECF No. 29); and dismisses this matter based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 31, 2016
Charleston, South Carolina